|  |  |
|---|---|
| M.C.B.,<br><br>                      Plaintiff,<br>         v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                      Defendant. | Case No. 2:18-cv-00302-SHK<br><br>OPINION AND ORDER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Plaintiff M.C.B.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying his application for disability insurance benefits ("DIB"), under Title II of the Social Security Act (the "Act"). This Court has jurisdiction, under 42 U.S.C. § 405(g), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff filed an application for DIB on August 12, 2014, alleging disability beginning on May 31, 2013, and later amended his disability onset date to April 11, 2014, which was Plaintiff's fiftieth birthday. Transcript ("Tr.") 40, 166-69.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on November 29, 2016, ALJ James P. Nguyen determined that Plaintiff was not disabled. Tr. 21-31. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on November 14, 2017. Tr. 1-8. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at

---

[2] A certified copy of the Administrative Record was filed on June 11, 2018. Electronic Case Filing Number ("ECF No.") 14. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

2

1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially

3

dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and

the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB]. See id.

Id. at 1098-99.

**B.     Summary Of ALJ's Findings**

The ALJ determined that "[Plaintiff] meets the insured status requirements of the . . . Act through September 30, 2018." Tr. 23. The ALJ then found, at step one, that "[Plaintiff] has not engaged in [SGA] since April 11, 2014, the amended alleged onset date (20 CFR 404.1571 et seq.)." Id. At step two, the ALJ found that:

> [Plaintiff] has the following severe impairments: degenerative disc disease of the lumbar spine with disc space narrowing and multi-level diffuse herniation with radiculopathy; lumbar strain; left rotator cuff/shoulder strain; bilateral elbow strain; bilateral epicondylitis; bilateral carpel tunnel strain; right knee strain; left hip strain; cystic and sclerotic focus; partial tear at the ulnar and radial attachments and

|   | tenosynovitis of the left wrist; tendinosis and bursitis with acromioclavicular joint osteoarthritis on the left; radiohumeral and ulnohumeral joint effusion of the left elbow; possible medial meniscus tear and degenerative osteophytes of the left knee; and obesity (20 CFR 404.1520(c)). |

Id. At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." Tr. 24.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except: he can occasionally climb ramps and stairs, but never climb ladders, ropes and scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he can use the bilateral upper extremities for frequent handling and fingering; he can use the bilateral lower extremities for occasional operation of foot controls; and he is unable to work around unprotected heights.

Tr. 25. The ALJ then found, at step four, that "[Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565)." Tr. 29.

In preparation for step five, the ALJ noted that "[Plaintiff] was born on April 11, 1964, and was 49 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563)."[3] Id. The ALJ found that [Plaintiff] has a marginal, 6th grade

---

[3] The Court notes that, contrary to the ALJ's finding that Plaintiff was forty-nine at the time of the disability onset date, as stated in the Background section above, Plaintiff was fifty on the amended alleged disability onset date. Tr. 30, 40. This error, however, is harmless because the ALJ correctly found that Plaintiff was closely approaching advanced age at the time of the alleged disability onset date, which occurs when a claimant is between fifty and fifty-four years old. Tr. 30; Pavana v. Colvin, No. SACV 12-1640 AGR, 2013 WL 1855823, at *4 (C.D. Cal. May 1, 2013)

education and is able to communicate in English (20 CFR 404.1564)." Tr. 30. The ALJ added that "[t]ransferability of job skills is not an issue in this case because [Plaintiff's] [PRW] is unskilled (20 CFR 404.1568)." Id.

At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a))." Id. Specifically, the ALJ found that Plaintiff could perform the "light" occupations of "marker[,]" as defined in the dictionary of occupational titles ("DOT") at DOT 209.587-034, "bagger" at DOT 920.687-018, and "ticket taker" at DOT 344.667-010." Id. The ALJ based his decision that Plaintiff could perform the aforementioned occupations "on the testimony of the [VE]" from the administrative hearing, after "determin[ing] that the [VE's] testimony [wa]s consistent with the information contained in the [DOT]." Tr. 31.

After finding that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," the ALJ concluded that "[a] finding of not disabled is . . . appropriate under the framework of the above-cited rule." Id. (internal quotation marks omitted). The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, from April 11, 2014, through [November 29, 2016,] the date of th[e] decision (20 CFR 404.1520(g))." Id.

**C.     Issues Presented**

In this appeal, Plaintiff raises two issues, including whether: (1) the ALJ properly determined that he was literate and able to communicate in English; and

---

("There are three age categories in the grids: younger persons (under age 50), persons close[ly] approaching advanced age (age 50–54) and persons of advanced age (55 and older).") (citing Lockwood v. Comm'r, SSA, 616 F.3d 1068, 1071 (9th Cir. 2010)); see also 20 C.F.R. 404.1563(d) ("Person closely approaching advanced age. If you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work.").

(2) the ALJ's RFC assessment was supported by substantial evidence. ECF No. 15, Joint Stipulation at 4.

### 1. ALJ's Consideration Of Plaintiff's Literacy And Ability To Communicate In English

In support of his conclusion that Plaintiff is able to communicate in English, the ALJ observed that:

> [Plaintiff] testified to having a 6th grade education from Mexico and stated in his disability report that he is unable to speak and understand English ([Tr. 191]). However, at the hearing, while a Spanish interpreter was present at the hearing, [Plaintiff] was able to understand and respond to some hearing questions prior to interpretation. [Plaintiff] went on to testify that he is able to read, write, understand and speak some English. He took about 6 months of classes to help him learn English. Further [Plaintiff] has been a resident of the United States since 1980. Based on the totality of this evidence, the [ALJ] finds that [Plaintiff] is able to effectively communicate in English.

Tr. 30. The ALJ made no specific finding with respect to Plaintiff's literacy.

### 2. Plaintiff's Argument

Plaintiff argues that the ALJ erred by finding that he was literate, and could communicate effectively, in English. ECF No. 15, Joint Stipulation at 6. Plaintiff argues that this error was harmful because had the ALJ not erred in this regard, he "would then meet all the criteria of the Commissioner's Medical Vocational Guideline Rule ('grid' or 'grid rule') 202.09, which directs a conclusion of disability." Id. Specifically, Plaintiff asserts that he would meet grid rule 202.09 because he is limited to light work, he does not have any transferable skills as a result of his unskilled past work history, and "[e]ither the inability to read/write in English or the inability to communicate effectively in English would then satisfy the final criterion for disability under grid rule 202.09." Id. Plaintiff raised several

specific arguments in support of his contention that the ALJ erred in finding that he was literate and able to communicate in English, which the Court addresses below.

### 3. Defendant's Response

Defendant concedes that "if the ALJ had instead found Plaintiff illiterate or unable to communicate in English, the Medical-Vocational Guidelines would direct a finding of disability. See 20 C.F.R. Part 404, Subpt. P, App'x 2 § 202.09." Id. at 11. Defendant added that "[s]o long as Plaintiff was at least literate and able to communicate in English, the Medical-Vocational guidelines would not direct such a finding . . . ." Id. (citation omitted). Defendant argued, however, that the "ALJ's interpretation of the facts was rational" and, therefore, "merely presenting an alternative view" of the evidence, as Defendant argues Plaintiff has done, "is insufficient to upset the [ALJ's] decision." Id.

Defendant also asserted that Plaintiff waived the specific arguments that Plaintiff now brings with respect to the ALJ's English literacy and communication findings because Plaintiff did not raise those arguments before the Agency. Id. at 13 (citing Shaibi v. Berryhill, 883 F.3d 1102, 1109-10 and n.6 (9th Cir. 2017)).

### D. Standard To Review ALJ's Finding

"The [Medical-Vocational] Guidelines present, in a table form, a short-hand method for determining the availability and numbers of suitable jobs for a claimant. These tables are commonly known as 'the grids.'" Cruz v. Colvin, No. 14-cv-03792-JST, 2015 WL 3413320, at *3 (N.D. Cal. May 27, 2015) (quoting Tackett, 180 F.3d at 1101). Grid rule 202.09 directs that a claimant be found disabled if he: (1) is limited to light work; (2) is closely approaching advanced age; (3) is illiterate or unable to communicate in English; and (4) has unskilled or no previous work experience. 20 C.F.R. Part 404, Subpt. P, App'x 2 § 202.09.

"'Illiteracy means the inability to read or write.'" Saucedo v. Berryhill, No. 2:16-cv-07820-SK, 2017 WL 8161080 at *1 (C.D. Cal. Nov. 20, 2017) (quoting 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1)). "A person is considered illiterate if that

person 'cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name.'" Id. (quoting 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1)). "Only literacy in English is considered." Id. (citing Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000)). Importantly, "[t]he Commissioner 'bears the burden of establishing that [the claimant] is literate.'" Id. (quoting Silveria, 204 F.3d at 1261).

### E. ALJ's Decision Is Not Supported By Substantial Evidence

As an initial matter, the Court finds that Plaintiff did not waive his challenge to the ALJ's literacy and communication ability findings by not raising them previously before the Agency. Waiver applies only in instances where a plaintiff, who was represented by counsel before the Agency, alleges for the first time in federal court, conflicts between the number of jobs that the VE opines are available at the hearing, and the number of jobs that are purportedly available under the County Business Patterns ("CBP"), or the Occupational Outlook Handbook ("OOH"). See Shaibi, 883 F.3d at 1109 (noting that "[s]pecifically, our holding encompasses challenges based on an alleged conflict with alternative job numbers gleaned from the CBP or the OOH." (internal footnote omitted)); see also Skinner v. Berryhill, No. CV 17-3795-PLA, 2018 WL 1631275, at *9 n.9 (C.D. Cal. April 2, 2018) (finding that "the holding of Shaibi d[id] not apply" because the plaintiff in Skinner was "not specifically challenging the VE's job numbers based on alternative sources for those numbers, but [wa]s instead challenging the availability of the occupation itself.").

Here, Plaintiff's assignment of error is not based on an alleged conflict with alternative job numbers gleaned from the CBP or the OOH. Accordingly, Shaibi is not applicable here and does not prevent Plaintiff from challenging the ALJ's findings relating to Plaintiff's literacy and ability to communicate in English. As such, the Court turns to the ALJ's aforementioned findings.

As discussed above, the ALJ concluded that Plaintiff: (1) could perform light work; (2) was closely approaching advanced age; (3) was able to communicate in English; and (4) had unskilled PRW. Tr. 29-30. However, as stated above, the ALJ did not make an express finding as to Plaintiff's literacy in English. Tr. 30. Moreover, even assuming that the ALJ had specifically found that Plaintiff was literate in English, the ALJ observed only portions of the record that that would support such a finding, while ignoring others. See Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others).

For example, Plaintiff stated in his disability report that he cannot speak, read, or understand English, he cannot write more than his name in English, and his preferred language is Spanish. Tr. 191. The ALJ, however, observed only Plaintiff's statements from his disability report that Plaintiff is unable to speak and understand English. Tr. 30 (citing Tr. 191). This observation ignores Plaintiff's statements from his disability report that Plaintiff cannot read or write more than his name in English, and that Plaintiff's preferred language is Spanish. As stated above, the ability to write one's name does not demonstrate literacy in English. Saucedo, No. 2:16-cv-07820-SK, 2017 WL 8161080 at *1; 20 C.F.R. § 404.1564(b)(1).

Further, the evidence observed by the ALJ does not establish Plaintiff's literacy. For example, the ALJ's observation of Plaintiff's testimony that Plaintiff could read and write "some English," that Plaintiff obtained a sixth grade education from Mexico, has lived in the United States since 1980, and took about six months of classes to help him learn English, does not establish that Plaintiff could read or write a simple message, such as instructions or inventory lists, such that Plaintiff could be found literate in English. Id.

Moreover, Plaintiff's testimony during the hearing that he was able to read English at "a basic level" is insufficient. Tr. 41. This is because this amount of

11

evidence is not enough for the ALJ to conclude that Plaintiff was "capable of reading and writing in English a simple message such as instructions or inventory lists, which is how the Commissioner's regulations distinguish a literate person from an illiterate person." Rodriguez v. Astrue, EDCV 12-0673 RNB, 2013 WL 458176, *2 (C.D. Cal. Feb. 5, 2013). Therefore, even if the ALJ had found that Plaintiff was literate in English, the evidence cited by the ALJ would still fail to carry the ALJ's burden of proving Plaintiff's literacy.

Accordingly, because (1) the ALJ made no express finding as to Plaintiff's literacy in English, (2) the evidence cited by the ALJ was insufficiently vague, and (3) a review of the entire record did not contain evidence to support a specific finding of literacy in English by Plaintiff, the Court finds that remand for further development of the record on the issue of Plaintiff's literacy is appropriate. See Silveira, 204 F.3d at 1261-62 (remanding where "[t]he ALJ made no express finding that [the plaintiff] was literate in English, and there [wa]s insufficient evidence in the record to determine whether or not he [wa]s literate in English."); Saucedo, No. 2:16-cv-07820-SK, 2017 WL 8161080 at *1 (remanding where the ALJ found that Plaintiff could communicate in English, but failed to expressly determine the plaintiff's literacy); Cruz, No. 14-cv-03792-JST, 2015 WL 3413320, at *3-4 (same); Pavana, No. SACV 12-1640 AGR, 2013 WL 1855823, at *4 (same).

On remand, the ALJ should clarify whether Plaintiff is literate for purposes of grid rule 2.09. Because the Court remands as to the issue of Plaintiff's literacy, it does not address Plaintiff's remaining challenges to the ALJ's decision.

### IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (holding that, under sentence four of 42 U.S.C. § 405(g),

12

"[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted). On remand, the ALJ shall consider and discuss Plaintiff's literacy in English.

IT IS SO ORDERED.

DATED: 11/9/2018

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge